## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50101 | **DATE** | June 25, 2008 |
| **CASE TITLE** | Hawkins (#2233) v. Winnebago County Sheriff's Office, et al. | | |

**DOCKET ENTRY TEXT:**

The court grants Plaintiff's motion for leave to file *in forma pauperis* [3] and orders the trust fund officer to deduct $1.53 from Plaintiff's account for payment to the Clerk of court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Winnebago County Jail. The court appoints Gwyn Gulley of Greg Tuite & Associates, 119 N. Church Street, Suite 407, Rockford, Ill. 61101, 815-965-5777, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. A status hearing is scheduled for August 13, 2008 at 1:30p.m. before Magistrate Judge P. Michael Mahoney.

■ [For further details see text below.]

Docketing to mail notices.
*Copy to Magistrate Judge

### STATEMENT

Plaintiff is granted leave to file in forma pauperis. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.53. The trust fund officer at Plaintiff's current place of incarceration is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Gwyn Gulley of Greg Tuite & Associates, 119 N. Church Street, Suite 407, Rockford, Ill. 61101, 815-965-5777, is appointed as counsel for Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Failure of Plaintiff to notify the court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice.

The Court notes that Plaintiff's initial complaint is incorrectly identified as an "Amended Complaint" filed pursuant to 28 U.S.C. § 1331. Based on Plaintiff's allegations and this being the initial complaint, the complaint has been docketed as the initial complaint filed pursuant 42 U.S.C. § 1983.

JJD

| STATEMENT |
|---|

Within 15 days of the date of this order, appointed counsel is directed, pursuant to the requirements of Rule 4(d)(2) of the Federal Rules of Civil Procedure, to notify Defendant(s) of the commencement of the action and to request waiver of service of summons. *See* Form 1A and 1B, Fed.R.Civ.P. Appendix of Forms. The notices and requests for waiver shall be in the name of each Defendant employed by the County of Winnebago and directed c/o Assistant State's Attorney Charles J. Prorok, Chief, Civil Division, 404 Elm Street, Rockford, IL 61101. If Assistant State's Attorney Prorok cannot obtain a signed waiver of service of summons from any such employee, he shall notify Plaintiff's counsel by mail within 10 days of receiving the request for waiver of service. Then Plaintiff's counsel shall direct notice to such Defendant(s) at the Defendant's home address or seek personal service by U.S. Marshal. Any other Defendant(s) not a County of Winnebago employee shall be notified of the suit and requested waiver of service in accordance with Rule 4(d)(2).

A status hearing is scheduled for \.

It is further ordered that, fourteen days prior to the status hearing date above, without awaiting a discovery request, the parties shall make the following initial disclosures:

   A)   The name of each person having discoverable information relevant to disputed facts alleged with particularity in the pleadings.

   B)   The Defendants are ordered to produce copies of all documents contained in the medical file and master file (including investigation reports and incident reports), not privileged or protected from disclosure, relevant to disputed facts alleged with particularity in the pleadings. The Plaintiff is ordered to produce copies of all documents in his possession that are relevant to disputed facts.

   C)   A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

It is further ordered that counsel for the Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Defense counsel shall issue the appropriate notice of deposition to Plaintiff's counsel.