**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT E. HAWKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.:  08 C 50101** |
| | ) | |
| **WINNEBAGO COUNTY SHERIFF'S** | ) | **Judge Phillip Reinhard** |
| **OFFICE, CORRECTION BUREAU,** | ) | |
| **RICHARD A. MEYERS, ANDREA S.** | ) | **Magistrate P. Michael Mahoney** |
| **TACK, CAPT. TIM OWENS,** | ) | |
| **DR. POCCOCK, and  DR. KATIA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM IN SUPPORT OF**
**RULE 12(b)(6) MOTION OF VIVEK KANTAYYA, M.D. & DAVID POCOCK, M.D.**

The Defendants, VIVEK KANTAYYA, M.D., incorrectly sued herein as "Dr. Katia" (and referred to herein as "Dr. Kantayya"), and DAVID POCOCK, M.D., incorrectly sued herein as "Dr. Poccock" (and referred to herein as "Dr. Pocock"), by and through their attorney, Louis A. Varchetto, states the following as their Memorandum in Support of their 12(b)(6) Motion filed in response to Plaintiff's Amended Complaint:

**I.**

**Allegations Against Dr. Pocock in**
**The Amended Complaint**

1.     Robert E. Hawkins (referred to herein as "Plaintiff" or "Hawkins") has filed an Amended Complaint asserting the Defendants, Dr. Kantayya and Dr. Pocock failed to render appropriate medical care.

2.     Plaintiff has asserted in his pleading that Dr. Pocock "should have put" Plaintiff "on insulin" because "the Glipozide was not working."

1

3.　　He has made no allegation that Dr. Pocock knew the medication he had prescribed was not having the intended therapeutic effect.

4.　　He also alleged that he was a diabetic and told Dr. Pocock he could not feel his toes.　Dr. Pocock informed the Plaintiff that he had "nerve damage in the vain (sic) leading down to my foots (sic) but their (sic) was nothing he could because I needed an operation. . .".

5.　　There are no other interactions between Dr. Pocock and Hawkins alleged in the Amended Complaint.

**II.**

**Plaintiff Fails to State A Claim**
**Against Dr. Pocock Upon Which Relief Can be Granted**

6.　　Plaintiff's complaint against Dr. Pocock fails to state a claim upon which relief can be granted because the Plaintiff has failed to comply with 735 ILCS 5/2-622 in that he has not attached to the Complaint a certificate of merit or written report authored by a reviewing healthcare professional.

7.　　Plaintiff has also failed to allege sufficient facts to demonstrate a violation of his constitutional rights by Dr. Pocock.

**A.**

**Certificate of Merit**

8.　　To minimize frivolous malpractice suits, Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying written report with every malpractice Complaint.　The failure to abide by this requirement shall be grounds for dismissal.　*Sherrod v. Lingle*, 233 F.3d 605, 613 (7th Cir. 2000).

9.    The requirements of §2-622 are substantive requirements of Illinois law and so are also required in Federal Court.

*Robar v. Wexford Health Services*, 2007 WL 1673161 C.D.Ill. (*See copy attached as Exhibit "1"*).

10.    The expert's report required by §2-622 must be attached to the Complaint and must clearly identify the reasons for the reviewing healthcare professional's opinion that a reasonable and meritorious cause exists for filing the action. Id.

11.    The nature of the act alleged determines whether the Defendants' activity constitutes healing art malpractice. *Baumann v. American National Red Cross*, 262 F.Supp.2d 965, 967 (CD.Ill., 2003).

12.    Where the challenged decision or action by a defendant involves the use of medical judgment the suit is one for medical malpractice and §2-622 applies.  Id.

13.    Plaintiff's allegations clearly challenge Dr. Pocock's medical judgment in connection with the management of his diabetes and condition of his feet.  As such, §2-622 applies.

14.    Since Plaintiff has failed to attach the certificate of merit or written report of a reviewing healthcare professional, his claim as against Dr. Pocock must be dismissed.

**B.**

**<u>Insufficient Allegations</u>**

15.    At best, Plaintiff's allegations against Dr. Pocock allege an inadvertent failure to provide medical care.

> "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute an 'unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind'.  Thus a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eight Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."

*Eades v. Thompson*, 823 F.2d 1055, 1060 (7th Cir. 1987).

16.     Because Plaintiff's Complaint, at best, avers a claim that Dr. Pocock was negligent in his diagnosis and treatment, he has failed to state a claim for a constitutional violation upon which relief can be granted against Dr. Pocock.

17.     As such, Plaintiff's Amended Complaint against Dr. Pocock must be dismissed.

### III.

### Allegations Against Dr. Kantayya In
### The Amended Complaint

18.     Plaintiff has alleged only a single interaction with Dr. Kantayya where Dr. Kantayya advised the Plaintiff that "Dr. poccock (sic) should have put" the plaintiff "on insulint (sic) but did not."  He further alleged that he would need a follow up examination regarding the Plaintiff's toes:

> "Told Dr. Katia (sic) about my toes also and he did nothing at all either – he said he would call me back down for a nother (sic) exam but never did."

19.    No allegation is made regarding the procedure by which such follow-up exams are scheduled by the inmates.  There is no allegation that the jail procedures required Dr. Kantayya to set that follow-up visit.

20.    No allegation is made that any other complaint regarding the Plaintiff's toes was ever communicated to Dr. Kantayya.

21.    No allegation is made that any request to see a doctor was ever communicated to Dr. Kantayya.

**IV.**

**Plaintiff Fails to State A Claim Against Dr. Kantayya
Upon Which Relief Can Be Granted**

22.    Plaintiff's complaint against Dr. Kantayya fails to state a claim upon which relief can be granted because the Plaintiff has failed to comply with 735 ILCS 5/2-622, in that he has not attached to the Complaint a certificate of merit or written report authored by a reviewing healthcare professional.

23.    Plaintiff has failed to allege sufficient facts to demonstrate a violation of his constitutional rights by Dr. Kantayya.

**A.**

**Certificate of Merit**

24.    For the reasons set forth above in Paragraphs Eight through Twelve, compliance with 735 ILCS 5/2-622 is required since Plaintiff's allegations clearly challenge Dr. Kantayya's medical judgment in connection with medical care rendered to Hawkins.

25.    Since Plaintiff has failed to attach a written report or certificate of merit authored by a reviewing healthcare professional, his claim against Dr. Kantayya must be dismissed.

**B.**

**Insufficient Allegations**

26.    As is the case with Dr. Pocock, the allegations against Dr. Kantayya can at best, be characterized as inadvertent negligence in the provision of medical care.

27.    Since the Complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eight Amendment, Hawkins' Complaint as against Dr. Kantayya must be dismissed. *Eades v. Thompson*, *supra* at 1060.

**V.**

**Conclusion**

28.    As artfully stated by the 7th Circuit, medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  Plaintiff has, at most, alleged Dr. Pocock and Dr. Kantayya were negligent in providing medical care.  in doing so, however, Plaintiff has failed to comply with 735 ILCS 5/2-622.  Both individually and in combination, those defects in the Plaintiff's claim require that it be dismissed as against Dr. Pocock and Dr. Kantayya pursuant to F.R.C.P. 12(b)(6).

WHEREFORE, Dr. Pocock and Dr. Kantayya pray that the Amended Complaint be dismissed as to each of them.

Respectfully Submitted,

**VIVEK KANTAYYA, M.D., incorrectly sued as "Dr. Katia" and, DAVID POCOCK, M.D., incorrectly sued as "Dr. Poccock"**

s/Louis A. Varchetto
Attorneys for Defendants
Louis A. Varchetto
IL Bar No. 3125565
Mulherin, Rehfeldt & Varchetto, P.C.
211 S. Wheaton Ave., Suite 200
Wheaton, IL  60187
Telephone: (630) 653-9300
Fax: (630) 653-9316
E-mail: lvarchetto@mrvlaw.com

## CERTIFICATE OF SERVICE

I, Louis A. Varchetto, an attorney, do hereby certify that on September 2, 2008, I electronically filed **Defendants' Memorandum in Support of Rule 12(b)(6) Motion to Dismiss of Vivek Kantayya, M.D. and David Pocock, M.D.,** with the Clerk of the United States District court, Northern District of Illinois, Eastern Division, using the CM/EFC system, which will send notification of such filings to the following registered participants:

Mr. Jack D. Ward
*Reno & Zahm, LLP*
2902 McFarland Road
Suite 400
Rockford, IL  61107
815/9874050
815/987-4092 (fax)
E-mail:  jdw@renozahm.com

Ms. Sara Marie Hohe
*Winnebago County State's*
          *Attorney's Office*
400 West State Street
Suite 804
Rockford, IL  61101
815/987-3179
815/319-4701 (fax)
E-mail: shohe@co.winnebago.il.us

s/Louis A. Varchetto
Attorneys for Defendants
IL Bar No. 3125565
MULHERIN, REHFELDT & VARCHETTO, P.C.
211 S. Wheaton Ave., Suite 200
Wheaton, IL 60187
Telephone:(630) 653-9300
Fax: (630) 653-9316
E-mail: lvarchetto@mrvlaw.com

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 1673161 (C.D.Ill.)
**2007 WL 1673161 (C.D.Ill.)**

Page 1

**H**
Robar v. Wexford Health Sources, Inc.
C.D.Ill.,2007.
Only the Westlaw citation is currently available.
United States District Court, C.D. Illinois.
Jim S. ROBAR, Administrator of the Estate of Alan
S. Robar, deceased, Plaintiff,
v.
WEXFORD HEALTH SOURCES, INC. et al., De-
fendants.
No. 06-3171.

June 6, 2007.

Peter R. Coladarci, Chicago, IL, David C. Sleigh,
Sleigh & Williams, St. Johnsbury, VT, for Plaintiff.
Michael J. Charysh, Richard A. Tjepkema, Charysh
& Schroeder Ltd., Chicago, IL, Theresa M. Powell,
Heyl Royster Voelker & Allen, Kelly R. Choate,
Illinois Attorney General, Springfield, IL, for De-
fendants.

### OPINION

JEANNE E. SCOTT, U.S. District Judge.
**\*1** This matter comes before the Court on Defend-
ant Melvin Martin, D.M.D.'s Motion to Dismiss
Count IV of Plaintiff's Fourth Amended Complaint
(d/e 74). Plaintiff Jim Robar alleges in Count IV
that Dr. Martin committed negligent malpractice in
the dental care provided to Jim Robar's deceased
son Alan Robar. *Plaintiff's Fourth Amended Com-
plaint (d/e 65) (Fourth Amended Complaint)*, Count
IV, ¶¶ 9(h) & (i). Defendant moves to dismiss
Count IV because Jim Robar has failed to attach to
the Fourth Amended Complaint an affidavit of
counsel and reviewing dentist's report that complies
with Illinois law. 735 ILCS 5/2-622. For the rea-
sons set forth below, the Motion is ALLOWED. The
Affidavit and Report attached to the Fourth
Amended Complaint are not sufficient to support a
claim on behalf of the Estate of Alan Robar (Estate)
for injuries resulting from allegedly unnecessary
extraction of two teeth by Defendant Martin. This

Court, however, will give Jim Robar one last
chance to secure a sufficient report to support the
Estate's personal injury claim against Martin. The
wrongful death claim against Martin is dismissed
with prejudice. No allegations show any connection
between Martin's treatment and Alan Robar's death.

### STATEMENT OF FACTS

The Court set forth Jim Robar's allegations in detail
in the Opinion entered February 1, 2007 (d/e 49)
(Opinion). The material allegations in the Fourth
Amended Complaint remain substantially un-
changed. Jim Robar alleges that his son was men-
tally ill, that the Defendants acted with deliberate
indifference, or in the alternative, negligence in
failing to recognize and properly treat his son's con-
dition, and that as a result, his son committed sui-
cide. *Opinion,* at 3-4. In particular, Jim Robar al-
leges that Martin extracted two of Alan Robar's
teeth unnecessarily. *Fourth Amended Complaint,*
Count IV, ¶¶ 9(h) & (i).

The Second Amended **Complaint** had no affidavit
or reviewing dentist's **report** with respect to De-
fendant Martin, as **required** by Illinois law. *Opin-
ion,* at 7-8. The Court, therefore, allowed Martin's
Motion to Dismiss the Second Amended **Com-
plaint,** but gave Jim Robar leave to file an amended
**complaint** with a proper affidavit and **report.**
*Opinion,* at 9.

Jim Robar then filed the Fourth Amended **Com-
plaint** with an Affidavit and **Report.** *Plaintiff's
Fourth Amended Complaint (d/e 65),* Exhibit I, *At-
torney's Affidavit,* and Exhibit J, *§ 2-622* **Report** *of
Health Care Professional ( Report).* The **Report**
states, in part:

I am a dentist licensed and practicing in the (sic)
Illinois. I have reviewed the medical and dental
(sic) of Alan S. Robar from the Western Illinois
Correctional Center, and I believe that there is a
reasonable and meritorious cause for bring (sic) an

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT**
" *1* "

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 1673161 (C.D.Ill.)
**2007 WL 1673161 (C.D.Ill.)**

action for dental negligence against Dr. Melvin Martin, D.D.S. with respect to treat (sic) of Mr. Robar.

Specifically, it is clear from the records, that Mr. Robar's **complaints** were inconsistent with the findings, thereby suggesting his problems were not dental in nature. It would have been appropriate to provide some treatment for his **complaints**, even if not physiologic (sic), and refer him to available **health care professionals** for evaluation of his condition. His treatment was a violation of the standard of care.

*\*2 Report*, at 1. The copy of the **Report** attached to the Fourth Amended **Complaint** is unsigned, and the dentist who prepared the **Report** is not identified.

### ANALYSIS

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Fourth Amended **Complaint** and draw all inferences in the light most favorable to Plaintiff Jim Robar. *Hager v. City of West Peoria*, 84 F.3d 865, 868-69 (7th Cir.1996); *Covington Court, Ltd. v. Village of Oak Brook*, 77 F.3d 177, 178 (7th Cir.1996). The Fourth Amended **Complaint** should not be dismissed unless it appears beyond doubt that Jim Robar can prove no set of facts that would entitle him to relief. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir.1996).

Illinois law **requires** plaintiffs in these types of actions to consult with a qualified **healthcare professional**, knowledgeable in the relevant issues involved in the case, before filing a case and to secure a determination from that expert that the plaintiff has a reasonable and meritorious cause for bringing the action. 735 ILCS 5/2-622(a)(1). Further, the plaintiff's attorney must attach to the **complaint**: (1) an affidavit stating that he complied with this **requirement**, and (2) the expert's **report**. The expert's **report** must clearly identify the reas-

ons for the reviewing **health care professional's** opinion that a reasonable and meritorious cause exists for filing this action. *Id.* The **requirements** of § 2-622 are substantive **requirements** of Illinois law and so are also **required in federal court**. *See Sherrod v. Lingle*, 223 F.3d 605, 613-14 (7th Cir.2000) (applying the **requirements** of § 2-622 in **federal court**).

Martin complains that the **Report** is insufficient because: (1) the expert is not identified, and the **Report** is unsigned; (2) the **Report** does not indicate how Alan Robar suffered any injuries at the hand of Martin; and (3) the expert does not explain how Martin's extraction of two teeth had any connection to Alan Robar's subsequent suicide. *Memorandum of Law in Support of Motion to Dismiss Count IV of Plaintiff's Fourth Amended Complaint (d/e 75)*, at 4. The first argument is not persuasive. The **Report** did not need to identify the expert. The **Report**, however, is deficient because the expert does not clearly explain the reasons for his opinion that Jim Robar has a meritorious claim on behalf of the Estate against Martin. Finally, the **Report** shows no connection between Martin's alleged actions and Alan Robar's death. Martin is, therefore, entitled to dismissal of the claims against him in Count IV.

Jim Robar could properly omit from the copy of the **Report** any information which would identify the reviewing expert. The **requirements** of § 2-622 are substantive **requirements** of Illinois law and so are also **required in federal court**. *See Sherrod*, 223 F.3d at 613-14 (applying the **requirements** of § 2-622 in **federal court**). The events at issue took place in 2004. At that time, Illinois law provided that "information which would identify the reviewing **health professional** may be deleted from the copy [of the **report**] so attached [to the **complaint**]."735 ILCS 5/2-622(a)(1)*Validity Note* (2004 ed.). The 1995 amendment to § 2-622 that **required** identification of the reviewing expert was unconstitutional under the Illinois Constitution. *Best v. Taylor Mach. Works*, 689 N.E.2d 1057 (Ill.1997). Hence, the prior law, quoted above, was

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 1673161 (C.D.Ill.)
**2007 WL 1673161 (C.D.Ill.)**

in effect in 2004.

**\*3** The statute was amended in 2005 to require disclosure of the identity of the reviewing expert, but that amendment expressly applied prospectively only.P.A. 94-677, § 330, effective August 25, 2005; 735 ILCS 5/2-622(j). Since the cause of action accrued in 2004, the 2005 amendment does not apply. The version of § 2-622 in effect in 2004, when the cause of action accrued, allowed Robar to omit identifying information about the reviewing expert from the copy of the Report attached to the Fourth Amended Complaint.

The Report, however, does not sufficiently explain how Martin breached the standard of care. Martin extracted two teeth from Alan Robar. *Fourth Amended Complaint,* Count IV, ¶ 9(h). As quoted above, the expert opined that based on the "records", Alan Robar's "complaints" were inconsistent with the "findings." The expert nowhere identifies either the records, the nature of Alan's Robar's complaints, or the findings to which he refers. Thus, the Court and Martin cannot determine the basis for the expert's opinion. Furthermore, the expert states that "some treatment" would be appropriate, but the expert does not explain what type of treatment would be appropriate, and why the treatment provided by Martin was not appropriate. The vagueness of these statements render the Report deficient for purposes of § 2-622; the reasons for the expert's opinions are not clearly identified. The Court, however, will give Jim Robar one more chance to have his expert explain his opinion that a meritorious claim exists that Martin treated Alan Robar negligently in the extraction of two teeth.

The Report also says nothing about Alan Robar's death. The Fourth Amended Complaint alleges no facts to show that the extraction of two teeth had any connection to Alan Robar's suicide. Jim Robar, therefore, fails to state a claim for wrongful death against Martin. His claim against Martin, on behalf of the Estate, is limited to any pain and suffering or other injuries associated with the allegedly unnecessary extraction of two teeth.

Martin also asks this Court to decline to exercise jurisdiction over Count IV. Count IV is a state-law claim for negligence. Count III is a federal claim under 42 U.S.C. § 1983 alleging, *inter alia,* that Martin violated Alan Robar's constitutional rights by extracting his teeth with deliberate indifference to an actual medical condition. *Fourth Amended Complaint,* Count III, ¶¶ 9-10. Martin does not move to dismiss this claim. The negligence claim in Count IV arises from the same transactions as the claim in Count III. This Court, therefore, has supplemental jurisdiction over Count IV because the Count is part of the same case or controversy as Count III. 28 U.S.C. § 1367. The Court sees no basis for declining to exercise jurisdiction at this point.

THEREFORE, Defendant Melvin Martin, D.M.D.'s Motion to Dismiss Count IV of Plaintiff's Fourth Amended Complaint (d/e 74) is ALLOWED. All claims against Defendant Martin arising from the death of Alan Robar in Count IV of the Fourth Amended Complaint are dismissed. The claims against Defendant Martin in Count IV for injuries to Alan Robar from the allegedly unnecessary extraction of two teeth are dismissed with leave to replead with a proper affidavit and report that meets the requirements of § 2-622. Plaintiff Jim Robar is directed to file the amended complaint by July 6, 2007. The Defendants are directed to answer the amended complaint by July 31, 2007.

**\*4** IT IS THEREFORE SO ORDERED.

C.D.Ill.,2007.
Robar v. Wexford Health Sources, Inc.
Not Reported in F.Supp.2d, 2007 WL 1673161 (C.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.