# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 50101 | DATE | 12/12/2011 |
| CASE TITLE | Robert E. Hawkins vs. Winnebago County Sheriff's Office, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants summary judgment in favor of all defendants as to all claims, and dismisses this cause in its entirety.

*Philip G. Reinhard*

■ [ For further details see text below.]

Electronic Notices.

## STATEMENT - OPINION

Plaintiff, Robert Hawkins, a former inmate at the Winnebago County (Illinois) Jail, filed an amended complaint, naming as defendants the Winnebago County Sheriff's Office, Sheriff Richard Meyers, Corrections Superintendent Andrea Tack, Corrections Captain Tim Owens, Dr. David Pocock, and Dr. Vitek Kantayya.[1] The medical defendants filed a motion for summary judgment, contending that there is no triable issue as to whether either of them was deliberately indifferent to plaintiff's serious medical needs.[2] The corrections defendants contend they are entitled to summary judgment because they were not personally involved in any of the medical care provided to plaintiff while he was at the jail. Plaintiff has filed a reply to both summary judgment motions.

Summary Judgment Standard

The court, in considering a motion for summary judgment, views all facts and draws all reasonable inferences therefrom in the light most favorable to plaintiff, the non-moving party. See Egan v. Freedom Bank, 659 F. 3d 639, 642 (7th Cir. 2011). Summary judgment is only appropriate when the record evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Egan, 659 F. 3d at 642.

Deliberate Indifference to Serious Medical Need[3]

A successful deliberate indifference claim is comprised of both an objective and subjective element. Roe v. Elyea, 631 F. 3d 843, 857 (7th Cir. 2011). First, an inmate must demonstrate that, objectively, the deprivation he suffered was sufficiently serious such that it resulted in the denial of the minimal civilized measure of life's necessities. Elyea, 631 F. 3d at 857. In the context of medical care, this objective element is satisfied when an inmate establishes that he has a serious medical need. Elyea, 631 F. 3d at 857. Second, an inmate must establish that prison officials acted with a sufficiently culpable state of mind to support liability under § 1983. Elyea, 631 F. 3d at 857. In that regard, while negligence is insufficient, it is enough to show that the defendant knew of a substantial risk of harm to the inmate and disregarded the risk. Elyea, 631 F. 3d at 857.

Applying the above standard to prison medical professionals, such a medical care giver is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under the circumstances. Elyea, 631 F. 3d at 857. A medical professional acting in his professional capacity may be found to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted

**STATEMENT - OPINION**

professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment. <u>Elyea</u>, 631 F. 3d at 857. The burden on a plaintiff is high when making such a claim because deliberate indifference is not the same as medical malpractice. <u>Elyea</u>, 631 F. 3d at 857. However, a successful plaintiff need not show that he was totally ignored, and a showing by a defendant that the plaintiff received some treatment does not resolve the issue conclusively if such treatment was blatantly inappropriate. <u>Elyea</u>, 631 F. 3d at 857-58.

<u>Medical Defendants</u>

While plaintiff alleged in his amended complaint that the medical defendants were deliberately indifferent to his diabetes and related complications by failing to prescribe insulin, not referring him for surgery, and not responding to an open wound on one of his toes, the medical defendants contend that they based their decision to treat plaintiff with oral medication as opposed to insulin on sound medical judgment, that they did not recommend surgery as there was no surgical procedure available for plaintiff's particular condition, and that they were never aware of any open wound on any of plaintiff's toes.

The evidence shows that plaintiff was seen by both of these defendants while at the jail. As to Dr. Pocock, the undisputed evidence shows that he saw and treated plaintiff from October of 2007 through December of 2007. During that time frame, Dr. Pocock saw plaintiff on four separate dates, ordered that regular blood sugar tests be done, and adjusted plaintiff's oral medication based on plaintiff's varying blood sugar levels. In Dr. Pocock's opinion plaintiff had varying blood sugar levels due to plaintiff's "questionable diabetic control." Plaintiff's subsequent treating physicians opined that it is within a doctor's professional judgment as to whether to treat diabetes with oral medication as opposed to insulin.

Based on this undisputed evidence, there is no triable issue as to whether Dr. Pocock acted with deliberate indifference to plaintiff's diabetic condition. The only effort by plaintiff to counter this compelling evidence is his own unsupported assertion that he should have received insulin as part of his course of treatment while at the jail. While such an assertion might bear on a claim for medical malpractice (a matter the court expresses no opinion on), it simply does not refute the clear evidence that Dr. Pocock saw plaintiff regularly, assessed his medical needs, and treated him for his diabetes based on his professional judgment. Additionally, physicians who subsequently treated plaintiff for the same condition opined that Dr. Pocock's course of treatment was well within the applicable medical standards. There is no evidence to support a finding of deliberate indifference in this regard, and Dr. Pocock is accordingly granted summary judgment on this aspect of plaintiff's claim.

Dr. Kantayya only saw plaintiff once, in May of 2008. He also determined that oral medication as opposed to insulin was the proper course of treatment to manage plaintiff's diabetes. Plaintiff has not offered any evidence that that medical decision was faulty, let alone deliberately indifferent to his diabetic condition. Thus, Dr. Kantayya is also granted summary judgment on this part of plaintiff's claim.

Plaintiff also contends that both medical defendants were deliberately indifferent to his diabetes-related problems with his feet, particularly his toes. According to plaintiff in his deposition, one of the medical defendants (he could not recall which one) told him there was an operation that he could undergo that would improve blood flow to his toes which would help with the neuropathy but that the jail would not pay for it. Plaintiff stated that the doctor did not describe the need for such surgery as either an emergency or necessary.

The medical defendants both denied ever advising plaintiff that there was a surgery available to alleviate his diabetic neuropathy.[4] While there are surgical options for diabetics with related peripheral vascular disease, plaintiff did not suffer from that malady during the time he was housed at the jail. Similarly, neither of plaintiff's subsequent treating physicians at the Illinois Department of Corrections diagnosed plaintiff with peripheral vascular disease or recommended any surgery for his neuropathy or diabetes.

It is evident from the undisputed evidence that neither of the medical defendants was deliberately indifferent as to any medical condition related to plaintiff's toes. The best plaintiff can point to, which arguably disputes this conclusion, is what fairly can be labeled an apparent misunderstanding on his part as to what he was advised by one of the medical defendants regarding any surgical possibilities. Additionally, even if there is a dispute in this regard, it is not material to any claim of deliberate indifference related to the treatment of plaintiff's feet and toes.[5]

As for whether the jail would pay for any surgical procedure, it was certainly reasonable for the medical defendants to conclude (and even state) that corrections officials would not pay for such surgery in light of their medical opinions that plaintiff did not have the type of ailment for which the surgery would be appropriate. Plaintiff

**STATEMENT - OPINION**

has not submitted any other evidence to show that he suffered from peripheral vascular disease or that any form of surgery would have provided relief for the actual medical issues from which he suffered at the time he was treated by the medical defendants. Therefore, both medical defendants are entitled to judgment as a matter of law based on this claim as well.

    Corrections Defendants[6]

The corrections defendants contend that they are entitled to summary judgment because there is no evidence that they were personally involved in the medical care of plaintiff or that they ignored any requests for treatment by plaintiff or otherwise interfered with his care. Non-medical officials such as the corrections defendants here are entitled to defer to the jail health professionals so long as they do not ignore plaintiff's health complaints or requests for treatment. See Berry v. Peterman, 604 F. 3d 435, 440 (7th Cir. 2010). As a practical matter, it would be unwise to require more of non-medical jail officials. Berry, 604 F. 3d at 440.

Here, the undisputed evidence shows that there was an agreement in place with an outside healthcare facility to provide medical care to jail inmates such as plaintiff. There is no evidence that any of the corrections defendants were involved with, influenced, or interfered with the provision of healthcare to plaintiff at the jail. Nor is there any showing by plaintiff that any requests for medical treatment went unheeded by the corrections defendants or anyone else. Thus, there is no evidence that any of the corrections defendants were personally involved in any of the treatment of plaintiff let alone any of the alleged deliberate indifference related to his medical condition. Accordingly, the corrections defendants are entitled to summary judgment in both their individual and official capacities.[7]

For the foregoing reasons, the court grants the motion for summary judgment of Dr. Pocock, Dr. Kantayya, Sheriff Meyers, Tack, and Owens, dismisses the Winnebago County Sheriff's Office, and dismisses this cause in its entirety.

---

1. As noted in this court's order of November 2, 2009, the doctors' names were spelled differently in the amended complaint. Also, in that same order, the court sua sponte dismissed the "corrections bureau" as a defendant because no such entity exists. The court will refer to the doctors as the medical defendants and Meyers, Tack, and Owens as the corrections defendants.

2. The court noted in its November 2, 2009, order that plaintiff has alleged a serious medical need (diabetes and related complications), and none of the defendants contend otherwise at this stage of the proceeding.

3. As noted in the November 2, 2009, order, effectively the same standard applies whether plaintiff was a pretrial detainee or a convicted prisoner housed at the jail.

4. Diabetic neuropathy is a condition involving nerve damage in the body's extremities such as the toes which is usually caused by poor control of blood sugar levels. The Merck Manual of Medical Information at 336-38 (1997).

5. There is not evidence that plaintiff had an open sore on any of his toes while being seen by either of the medical defendants. Moreover, plaintiff admits that he did not have such an open sore during that time.

6. The corrections defendants point out that plaintiff has not identified whether he is suing them in their individual or official capacities or both. Thus, they are proceeding as though he has named them in both capacities, and the court will do so as well. That being said, the court sua sponte dismisses the Winnebago County Sheriff's Office as an unnecessary defendant. See Baylor v. Gary Public Library, 2011 WL 1526450, * 2 (N.D.Ind. April 20, 2011) (official capacity claims are actually claims against the governmental entity).

7. The official capacity claims would potentially invoke liability against Meyers as the Sheriff of Winnebago County and not the Winnebago County Sheriff's Office.